**Harry L. WILSON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 86–27 Erie.**

United States District Court, W.D. Pennsylvania.

Nov. 14, 1986.

**1408**

Robert J. Jeffrey, North East, Pa., for plaintiff.

Judith Fitzpatrick, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from the decision of the Secretary denying plaintiff Social Security Disability and Supplemental Security Income benefits. The parties have filed cross motions for summary judgment and there are no disputed issues of material fact.

Plaintiff is now 60 years old and has an eighth grade education. He worked previously as a laborer in a saw mill but quit 10 years ago because of problems with his legs. For the past 17 years he has worked as a doorman at a VFW club, sitting on a stool screening entering patrons. On March 6, 1985 he quit that job on the advice of his physician and he has not been employed since.

Plaintiff's shrunken right leg and a limp are the result of childhood polio. He also suffers from osteoarthritis of the back, hands and feet and a mild obstructive lung disease related to cigarette smoking. He has had vague complaints of chest pain in the past but this is controlled by medication.

Following a hearing and the receipt of medical reports, the ALJ denied benefits, concluding that the claimant retained the functional capacity for medium work and the ability to perform his past work as a doorman. The Appeals Council affirmed and this appeal followed.

Plaintiff contends that his job as a doorman should not have been considered as past relevant work because his earnings were insufficient to meet the quantitative definition of "substantial gainful activity" provided by 20 C.F.R. § 404.1574. Therefore, plaintiff contends, the ALJ's denial, based on the plaintiff's ability to perform past relevant work, must be reversed.

We agree in part. Disability is defined as the inability to engage in substantial activity. For a claimant's past relevant work to form the basis for denial of benefits, it must be such as will constitute substantial gainful activity.

Section 404.1574(b)(2) provides a quantitative scale to determine if earnings alone indicate substantial gainful activity. Section 404.1574(b)(3) provides a separate scale to determine if earnings alone indicate that a job is *not* substantial gainful activity. If a person's earnings fall between those two scales, as do plaintiff's, § 404.1574(b)(6) requires a qualitative analysis. From this record it does not appear that the Secretary performed such an analysis, and therefore the decision is flawed.

Rather than reverse, however, the matter must be remanded to determine whether plaintiff's past work as a doorman was substantial gainful activity which would preclude an award of benefits. Should the Secretary conclude that it is not, then the agency would proceed with the remainder of the analytical framework to determine whether plaintiff is in fact disabled.

An appropriate order will be entered.